**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | |
|---|---|
| **SYLVIA GARCIA AND A/N/F A.G.,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | **Civil Action No: _____** |
| § | **Jury Demanded** |
| **GENERAL MOTORS LLC** § | |
| § | |
| *Defendant.* § | |

### DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the County Court at Law #5 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1452, and Bankruptcy Rule 9027, and based on the following facts:

1.  On June 12, 2017, New GM was served with a Citation and Petition in an action styled *Sylvia Garcia and a/n/f A.G. v. General Motors LLC and Angel Santiago d/b/a Angels Auto Mart*; Case No. CL-17-1945-E, filed April 28, 2017 in the County Court at Law #5 of Hidalgo County, Texas (the "Action").

2.  This Action arises out of a motor vehicle accident that allegedly occurred on May 20, 2016, when Plaintiff Sylvia Garcia was operating a 2007 Chevrolet HHR, with right front passenger Plaintiff A.G, a minor, at the exit of a private drive of a small shopping mall. Pet. 3. The Petition states that Plaintiff Sylvia Garcia "proceeded to drive forward onto a roadway and then turn left at a protected, left turn arrow," when another vehicle travelling westbound entered a skid as it began to approach a red light. *Id.* This adverse vehicle was unable to stop and skidded into the subject 2007 Chevrolet HHR. *Id.* Plaintiff alleges that the subject 2007

Chevrolet HHR had "suddenly stopped and was unable to undertake evasive actions … due to the ignition switch, ignition lock cylinder and key's defective design." *Id.* Plaintiff claims that the "airbags did not inflate upon the severe impact because the ignition system had moved by itself to the off position thereby shutting off the electrical system and the side airbags." *Id.* at 5.

3. Plaintiff seeks damages from New GM under theories of (1) strict liability; (2) negligence; (3) fraudulent misrepresentation; (4) implied warranty of merchantability and fitness; and (5) violations of the Texas Deceptive Trade Practices Act. *Id.* at 11-25. Plaintiff also seeks exemplary damages. *Id.* at 26-27. As such, this Action is similar to many currently pending claims against New GM that alleged an ignition switch defect.

4. On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as <u>Exhibit A</u>. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

5. This Action is one of more than 315 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, including in vehicles such as the Chevrolet HHR, and/or inadvertent key rotation. The Ignition Switch Actions have been brought in at least 38 federal district courts,

including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.  *See generally* MDL No. 2543; *e.g.* ECF Nos. 207, 288, 358, 377, 484, attached as Exhibit B (*Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Chevrolet HHR vehicles, among others); *Chaplin v. Gen. Motors LLC*, 2:14-cv-03366 (D.S.C.) (alleging an ignition switch defect in a 2007 Chevrolet HHR); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet HHR); *McCormick v. Gen. Motors LLC*, 14-CV-00483 (E.D. Tex.) (alleging an ignition switch defect in a 2007 Chevrolet HHR); *Hayes v. Gen. Motors LLC*, 14-CV-10023 (S.D.N.Y.) (alleging more than 60 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet HHR).

6. After the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1.  Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York.  *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

### A. *Parties to the Action.*

7. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

8. Complete diversity of citizenship exists because:

   a. At the time of the incident, Plaintiff Sylvia Garcia was a resident, domiciliary and citizen of the state of Texas. *See* Pet. 1.

   b. At the time of the incident, Plaintiff A.G. was a resident, domiciliary and citizen of the state of Texas. *Id.*

   c. New GM is not a citizen of Texas. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan. For purposes of diversity citizenship, New GM is a citizen of Delaware and Michigan.

9. Angel Santiago d/b/a Angels Auto Mart was also a named defendant in this suit. On June 23, 2017, Plaintiff filed a notice of non-suit against Angel Santiago d/b/a Angels Auto Mart with prejudice. *See* Notice of Non-Suit, attached as <u>Exhibit C</u>.[1] Therefore, the citizenship of Angel Santiago d/b/a Angels Auto Mart, must be disregarded for purposes of citizenship.

10. Thus, as no proper defendant is a citizen of the same state as any plaintiff, there is complete diversity between the parties.

### B. *The Amount-in-Controversy Requirement is Satisfied*

11. The removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995). A party can either demonstrate that it is facially apparent that the claims are above the jurisdictional amount or can "[set] forth the facts in controversy … that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also*

---

[1] Plaintiff's Notice of Non-Suit was effective upon its filing, on June 23, 2017. *See Boulanger v. Devlar Energy Mktg., LLC*, No. 3:15-CV-3032-B, 2015 WL 7076475, *1 (N.D. Tex. Nov. 13, 2015) ("In Texas, plaintiffs have the unqualified and absolute right to non-suit allegations by filing a notice of non-suit, which is effective when filed.").

*Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 319, 2012 U.S. App. LEXIS 8371, 5 (5th Cir. 2012) ("Where, as here, the plaintiff's complaint makes only a conclusory statement concerning jurisdiction and the amount in controversy is indeterminate, we ask "whether it is 'facially apparent" that the claims exceed the jurisdictional amount.") (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar,* 47 F.3d at 1411.

12. The amount-in-controversy in this Action exceeds $75,000, exclusive of interest and costs in that both Plaintiff Sylvia Garcia and Plaintiff A.G. are seeking damages for physical injuries; past, present and future physical pain and suffering; past, present and future physical impairments; past, present and future mental anguish and emotional distress; and future medical costs to treat mental anguish and emotional distress. Pet. 25-26.

13. The Petition states that Plaintiff seeks between $10,000 and $250,000 in damages. *Id.* at 2. While Plaintiff fails to provide a specific value for her requested damages, she seeks damages for alleged serious physical and emotional injuries, and associated medical costs. Plaintiff's claims for personal injury demonstrate by a preponderance of the evidence that the amount in controversy likely exceeds $75,000.00. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it was facially apparent from plaintiff's allegations that the jurisdictional requirement was met based on unspecified damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999) (holding it was facially apparent from the plaintiff's petition that the amount in

controversy exceeded statutory requirements based on the tort nature of the plaintiff's claim and the types of damages sought); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 827 (S.D. Tex. June 30, 2005) (finding medical expenses, pain and suffering, mental anguish, loss of consortium, and loss of enjoyment "the types of injuries that the Fifth Circuit has held satisfies the 'facially apparent' standard."); *see also Century Assets Corp. v. Solow,* 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount [for diversity purposes] when there are *no* numbers in the [complaint] at all") (emphasis in original).

14. Plaintiff also alleges gross negligence and seeks exemplary damages. Pet. 26. Punitive damages are included in determining the amount-in-controversy for federal jurisdiction. *Celestine*, 467 Fed. Appx. at 319, 2012 U.S. App. LEXIS 8371, 5 (The amount in controversy may include punitive damages if they are recoverable as a matter of state law.) (citing *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1254). According to the United States Supreme Court, where both actual and punitive damages are allegedly recoverable under a complaint, "each must be considered to the extent claimed in determining jurisdictional amount**.**" *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943). This Court has noted that exemplary and punitive damages can easily multiply actual damages awarded in a case. *See Matney v. Wenger Corp.*, 957 F. Supp. 942, 944 (S.D. Tex. 1997) ("Under Texas law, there is no set rule or ratio between the amount of actual damages and exemplary damages").

15. Because the controversy in this Action is properly between citizens of different states, and because the amount-in-controversy exceeds $75,000 based on the allegations contained in the Petition, exclusive of interest and costs, New GM may remove this Action

pursuant to 28 U.S.C. §§ 1332 and 1441.

## BASIS FOR REMOVAL: BANKRUPTCY JURISDICTION

16.     This Action is properly removable because it is a civil proceeding that (i) arises under 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"); (ii) arises in a case under the Bankruptcy Code; and/or (iii) is related to a case under the Bankruptcy Code.  This Court thus has jurisdiction pursuant to 28 U.S.C. §§ 157(b), 1331, and 1334(b), and removal to this Court is proper under 28 U.S.C. §§ 1452(a), as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure.

17.     On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").  On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the predecessor of New GM.  The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions.  *See* Sale Order and Injunction, attached as Exhibit D ¶ 7.  The 363 Sale was consummated on July 10, 2009.  Ultimately, New GM was transferred certain of Old GM's assets and also assumed certain specifically-identified liabilities, as described in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

18.     The terms of the Sale Order and Injunction, and the Sale Agreement that it approved, limits New GM's liabilities relating to vehicles and parts sold by Old GM.  *See* Exhibit D ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R.

65 (S.D.N.Y. 2010).[2]

19.    The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce the injunction set forth in the Sale Order and Injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

20.    In addition, the Bankruptcy Court has ruled that it is the gatekeeper to review whether allegations, claims and requests for damages asserted in complaints get past the bankruptcy gate. As stated in a June 7, 2017 Written Decision ("June 7 Decision") issued by the

---

[2] New GM's obligations under the Sale Order and Injunction have been the subject of ongoing proceedings in the New York Bankruptcy Court, the U.S. District Court for the Southern District of New York ("New York District Court"), the United States Second Circuit Court of Appeals, and the United States Supreme Court. *See In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016); Judgment entered by the New York Bankruptcy Court, dated June 1, 2015 (Bankr. Dkt. No. 13177) ("June 2015 Judgment"), *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015), and Judgment entered by the New York Bankruptcy Court, dated December 4, 2015 (Bankr. Dkt. No. 13563) ("December 2015 Judgment"). The New York Bankruptcy Court's June 2015 Judgment was affirmed in part, reversed in part, and remanded in part by the Second Circuit. There are ongoing proceedings in the New York Bankruptcy Court related to a series of issues arising from the Second Circuit opinion. *See Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered by the New York Bankruptcy Court on December 13, 2016 (Bankr. Dkt. No. 13802). A portion of the New York Bankruptcy Court's December 2015 Judgment is currently on appeal to the New York District Court. It is undisputed that the New York Bankruptcy Court retains jurisdiction to interpret and enforce the Sale Order and Injunction and its other rulings.

New York Bankruptcy Court:[3]

> "The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order" and this Court's prior decisions. [*In re Motors Liquidation Co.*, 541 B.R. 104, 112 (Bankr. S.D.N.Y. 2015)] (noting that the Court will "minimize" its involvement in "nonbankruptcy law").  If a complaint violates an enforceable provision of the Sale Order, it may not proceed as currently drafted.  If it does not violate the Sale Order, the complaint "passes through the gate" for the appropriate nonbankruptcy court to decide whether it is actionable.

June 7 Decision, 2017 WL 2457881, at *3.  It is for the New York Bankruptcy Court to determine if Plaintiff has properly made allegations, asserted claims and is appropriately seeking damages against GM LLC.  Plaintiff's Petition in this case violates various Bankruptcy Court rulings, including without limitation allegations related to exemplary or punitive damages (see par. 22 below), and it is for the Bankruptcy Court to determine if some or all allegations, claims, and/or requests for damages against New GM can properly proceed through the bankruptcy gate.

21.     Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction.  Thus, the determination of this action, which involves the resolution of disputes concerning the Sale Agreement and the Sale Order and Injunction, and the Bankruptcy Code, necessarily invokes the jurisdiction of the New York Bankruptcy Court.  *See In re Hereford Biofuels, L.P.,* 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale transaction approved by the Bankruptcy Court was a core proceeding); *Luan Inv. S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning sale transaction approved by the Bankruptcy Court fall within "core" jurisdiction); *In re Eveleth Mines*, *LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on

---

[3] The June 7 Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).

the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

22.     Plaintiff's claims in this Action relate to a vehicle manufactured by Old GM, and punitive damages are being sought from New GM based in whole or in part on the conduct of Old GM.  New GM, however, did *not* assume claims for punitive damages based on the conduct of Old GM.  *See* December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.  Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law.  Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."); July 12, 2017 Bankruptcy Court Memorandum Opinion And Order Deciding Certain 2016 Threshold Issues, p. 24 ("…Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on the conduct of Old GM.").  Certain other allegations and claims may also violate the Sale Order or other Bankruptcy Court rulings.  The New York Bankruptcy Court has exercised jurisdiction with respect to lawsuits where plaintiffs, like Plaintiff herein, are making allegations, asserting claims and/or seeking punitive damages against New GM in violation of the Sale Order and Injunction, and Sale Agreement, and the other rulings of the New York Bankruptcy Court.

23.     As such, the Action implicates the New York Bankruptcy Court's core, related-to and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

## REMOVAL IS TIMELY

24.     This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Citation and Petition.  28 U.S.C. § 1446(b).  Plaintiff filed suit on

April 28, 2017, and New GM was served with the Citation and Petition on June 12, 2017. *See* Exhibit E. This Notice of Removal is also timely because it is being filed within 30 days after Plaintiff filed a notice of non-suit against Angel Santiago d/b/a Angels Auto Mart on June 23, 2017. *See* Exhibit C; *see also* 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

## VENUE

25. The United States District Court for the Southern District of Texas, McAllen Division, is the United States district and division embracing the County Court at Law #5 of Hidalgo County, Texas, where this action was filed and is pending. *See* 28 U.S.C. § 124(b)(7). Therefore, venue of this removed action is proper in this Court.

## CONSENT

26. Moreover, New GM is the only defendant to be served with process. Consent of other named defendants that have been dismissed is not necessary for removal. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (noting that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined").

## NOTICE TO THE STATE COURT

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the County Court at Law #5 of Hidalgo County, Texas, where this case was originally filed.

## **STATE COURT PLEADINGS PROVIDED**

28.     Pursuant to Local Rule 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

   a. An index of matters being filed attached as <u>Exhibit F</u>:

   b. Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings:

   i. Plaintiff's Original Petition and Notice of Service of Process, including Letter to Clerk
   ii. Plaintiff's Motion and Proposed Order to Proceed Without Prepayment of Filing Fees and Costs Pursuant to Tex. R. Civ. P. 145, including Plaintiff's Affidavit to Proceed Without Prepayment of Filing Fees or Costs Pursuant to Tex. R. Civ. P. 145
   iii. Angel Santiago d/b/a Angels Auto Mart's Original Answer
   iv. Notice of Agreement to Arbitrate
   v. Plaintiff's Notice of Filing A Post Accident Open Recall Notice
   vi. Plaintiff's Notice of Filing of Subject Vehicle Photos
   vii. Notice of Non-suit Against Angel Santiago d/b/a Angels Auto Mart
   viii. General Motors LLC's Verified Plea in Abatement, Special Exceptions, and Original Answer to Plaintiff's Original Petition and Exhibit
   ix. Plaintiff's Response in Opposition to Defendant General Motors LLC's Verified Plea in Abatement and Exhibits
   x. Plaintiff's Certificate of Written Discovery to Defendant General Motors LLC
   xi. Plaintiff's Notice of Filing Affidavit to Controvert Defendant's Plea in Abatement
   xii. Plaintiff's Verification and Affidavit

   c. All executed process in the case:

   i. Citation to General Motors LLC
   ii. Citation to Angel Santiago d/b/a Angels Auto Mart
   iii. Angel Santiago Service Returned - Served
   iv. Letter to Clerk to Request Reissue of Civil Process
   v. Reissued Citation to General Motors LLC
   vi. General Motors LLC Service Returned - Served

   d. All orders signed by the state judge:

   i. Order to Proceed Without Prepayment of Fees and Costs
   ii. Notice of Non-suit Against Angel Santiago d/b/a Angels Auto Mart

e. The docket sheet for the State Court Action; and

f. A list of all counsel of record, including addresses, telephone numbers, and parties represented.

WHEREFORE, Defendant General Motors LLC respectfully requests that this action in the County Court at Law #5 of Hidalgo County, Texas be removed to this Court, and that no further proceedings be had in the Texas state court.

Dated: July 12, 2017

Respectfully submitted,

*/s/ Kyle H. Dreyer*

**KYLE H. DREYER**
Attorney-In-Charge
State Bar No. 06119500
Federal Bar No. 14721
kdreyer@hdbdlaw.com
**HARTLINE DACUS BARGER DREYER LLP**
8750 North Central Expressway, Suite 1600
Dallas, TX 75231
Tel: (214) 369-2100
Fax: (214) 369-2118

**ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 12th day of July 2017.

    Sylvia Garcia
    PO Box 972
    Pharr, Texas 78577

    Kyle H. Dreyer